**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DALLAS L. COX, | No. 14-15877 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-01401-SRB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted April 11, 2016
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and CHRISTEN, Circuit
Judges.

Dallas L. Cox appeals from the Social Security Administration's denial of

her application for supplemental security income benefits.[1]  The district court

granted summary judgment to the government, and Cox appealed.  We have

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1]    The parties are familiar with the facts, so we do not recount them here.

jurisdiction under 28 U.S.C. § 1291. We reverse the district court and remand for an award of benefits.

Cox contends the ALJ committed legal error when he failed to incorporate into his residual functional capacity ("RFC") assessment, and corresponding hypothetical question posed to the vocational expert ("VE"), portions of two medical opinions to which he gave substantial weight. We agree that this was error. "The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out *all* the limitations and restrictions of the particular claimant.'" *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). In determining the claimant's limitations, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); 20 C.F.R. § 404.1527(b). If, after consideration, the ALJ rejects an examining physician's opinion, he or she must give specific and legitimate reasons for doing so. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995). In assessing the claimant's RFC, an ALJ may not pick and choose evidence unfavorable to the claimant while ignoring evidence favorable to the claimant. *See Ghanim v. Colvin*, 763 F.3d 1154, 1164 (9th Cir. 2014).

Here, examining doctors Bencomo and Finch opined that Cox retained some ability to remember and perform simple tasks, but that her mental illnesses would

make it difficult for her to get along with coworkers and supervisors, complete tasks on a schedule, complete a workweek without interruptions from psychologically-based symptoms, and take criticism. The ALJ gave significant weight to each doctor's opinion, but he incorporated into his RFC and hypothetical to the VE only those parts of Dr. Bencomo's and Dr. Finch's opinions most favorable to a finding of no-disability. The VE testified in response to the ALJ's primary hypothetical that someone with the stated RFC could work, and the ALJ based his "finding of 'not disabled'" on this testimony. The ALJ did not provide any reasons—let alone specific and legitimate ones—for discounting any portions of Dr. Bencomo's and Dr. Finch's opinions. This failure constituted legal error, *see Ghanim*, 763 F.3d at 1163 n.8 (ALJ likely erred by rejecting "certain favorable opinions of the examining physicians" without providing "specific and legitimate reasons" for doing so), and reversal is therefore warranted.

We likewise agree with Cox that remand for an award of benefits is appropriate here. We accept the ALJ's conclusion that Dr. Bencomo's and Dr. Finch's opinions are due significant weight. The VE testified on cross examination that someone with all of the mental limitations identified by Dr. Bencomo and Dr. Finch would be unable to work. The VE's testimony establishes that Cox is disabled within the meaning of the Act. *See Benecke v. Barnhart*, 379 F.3d 587,

3

595 (9th Cir. 2004) (remand for an award of benefits is appropriate when the vocational expert testifies that someone with claimant's precise limitations cannot work). We therefore reverse the judgment of the district court with instructions to remand to the ALJ for the calculation and award of benefits.

Because we deem this issue dispositive of Cox's appeal, we do not reach the remainder of Cox's arguments.

**REVERSED and REMANDED.**